UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ETIENNE DOUGLAS,                      )
                                      )
                    Plaintiff,        )
                                      )
            v.                        )        No. 1:25-cv-00818-JPH-MKK
                                      )
LAURA WESOLOWSKI, et al.,             )
                                      )
                    Defendants.       )

**ORDER**

**I.**
**Granting *in forma pauperis* status**

Plaintiff Etienne Douglas's motion to proceed *in forma pauperis* is

**GRANTED**.  Dkt. [2]; *see* 28 U.S.C. § 1915(a).  While *in forma pauperis* status

allows Mr. Douglas to proceed without prepaying the filing fee, he remains

liable for the full fees.  *Rosas v. Roman Catholic Archdiocese of Chi.*, 748 F.

App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may

allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without

*ever* paying fees.").  No payment is due at this time.

**II.**
**Screening the Complaint**

**A. Screening standard**

The Court has the inherent authority to screen Mr. Douglas's complaint.

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the

power to screen complaints filed by all litigants, prisoners and non-prisoners

alike, regardless of fee status.").  The Court may dismiss claims within a

complaint that fail to state a claim upon which relief may be granted.  *See id.*
In determining whether the complaint states a claim, the Court applies the
same standard as when addressing a motion to dismiss under Federal Rule of
Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).
To survive dismissal,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim for relief that is
> plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are construed
liberally and held to a less stringent standard than formal pleadings drafted by
lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. The complaint

Mr. Douglas brings a gender discrimination claim under Title VII of the
Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and an age discrimination
claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§
621 *et seq.*  Mr. Douglas brings these claims against seven individual
employees of Organon, his former employer: (1) Laura Wesolowski; (2) Thomas
Fitzgibbon; (3) Christine DiDomenico; (4) Anda Pittman; (5) Mary Faulkner; (6)
Poonam; and (7) Steve Hinz.  Dkt. 1 at 3–4, 9.

Mr. Douglas alleges that while working at Organon from November 2021
to January 2023, he was subjected to various discriminatory remarks and
microaggressions.  *Id.* at 9–13.  These included demeaning comments about his

age and discriminatory treatment from his teammates as the only male on his team.  *Id.*  He further alleges that when he reported these events, his colleagues retaliated against him by continuing to treat him poorly and preparing a Performance Expectations document that Mr. Douglas refused to sign due to "gross inaccuracy."  *Id.*

Mr. Douglas seeks compensatory and punitive damages.  *Id.* at 7.

**C. Discussion of claims**

Mr. Douglas's claims must be **dismissed**.  Title VII and the ADEA do not authorize suit against individual employees alleged to have engaged in discriminatory conduct in the course of their employment.  *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) ("Congress intended only for employers to be liable for their agent's actions under the traditional *respondeat superior* doctrine, not for agents to be personally liable."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer."); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995) (declining to decide whether the ADEA permits individual liability but explaining that "[b]ecause the relevant language in the ADA and ADEA are identical, it is likely that [defendant], as an individual, could not be liable under the ADEA.").  Instead, the proper defendant is the employing entity itself, not its individual employees.  *See Williams*, 72 F.3d at 554.  Mr. Douglas therefore cannot proceed against the individual Defendants named in his complaint.

### D. Conclusion

Mr. Douglas's complaint must be dismissed for the reasons in this Order. He shall have **through June 6, 2025** to file an amended complaint. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of his claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). The **clerk is directed** to send a form complaint with Mr. Douglas's copy of the Order.

**SO ORDERED.**

Date: 5/6/2025

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ETIENNE DOUGLAS
3553 Founders Rd.
Indianapolis, IN 46268